IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Nos.   21-154 & 22-150 |
| ) | |
| ) | |
| FREDERICK ALLEN, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the court are several pro se motions filed by defendant Frederick Allen ("Allen") at both of his criminal cases:   (1) a document dated April 4, 2024 entitled "In re: Government's response to Defendant's motion for time calculation," which was filed as a motion for reduction of sentence (Crim. No. 21-154 ECF No. 90; Crim. No. 22-150 ECF No. 47); (2) a document dated July 15, 2024 entitled "In re: Government's response to Defendant's motion for sentence reduction," which was docketed as a motion for clarification (Crim. No. 21-154 ECF No. 94; Crim. No. 22-150 ECF No. 52); and (3) a second motion for clarification (Crim. No. 21-154 ECF No. 96; Crim. No. 22-150 ECF No. 54).   The government filed a response in opposition to the motion for sentence reduction (Crim. No. 21-154 ECF No. 92)1; and a response to the first motion for clarification (Crim. No. 21-154 ECF No. 95).   Allen filed a reply in support of his motion for sentence reduction (Crim. No. 21-154 ECF No. 93).   The court also received a document from Allen dated June 24, 2024, entitled "In re Petition for Government to furnish report chronologically evens in order for Crim. No. 21-154 – 22-150 . . Not just a docket sheet."   This document was filed as correspondence (Crim. No. 22-150 ECF No. 50).

---

1 The responses were filed at each case, but for the remainder of the opinion, the court will cite only to the docket at Crim. No. 21-154.

The court concludes that the motions are ripe for decision. The second motion for clarification will be resolved without a further response from the government.

Factual and Procedural Background

On August 30, 2022, Allen pleaded guilty to count 1 of the Indictment at Crim. No. 21-154, which charged him with Possession with Intent to Distribute a quantity of fentanyl and a quantity of fluorofentanyl, on February 10, 2021, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and count 1 of the Information at Crim. No. 22-150, which charged him with Possession of ammunition by a convicted felon, on February 10, 2021, a violation of 18 U.S.C. § 922(g)(1).

On January 4, 2023, Allen was sentenced to 36 months in prison at each of count 1 of Crim. No. 21-154 and count 1 of Crim. No. 22-150, to run concurrent; followed by 6 years of supervised release at count 1 of Crim. No. 21-154 and 3 years at count 1 of Crim. No. 22-150, to run concurrent.

To be clear, Allen's total term of supervised release is 6 years, based on the Judgment at Crim. No. 21-154 (Crim. No. 21-154 ECF No. 84). The government filed an Information to establish a prior felony drug conviction by Allen (ECF No. 21-154 ECF No. 60). By statute, therefore, the court was required to impose a term of supervised release of at least 6 years for the conviction at Crim. No. 21-154. 21 U.S.C. §§ 841(b)(1)(C) and 851.

In November 2023, Allen filed a motion for a time credit calculation (Crim. No. 22-150 ECF No. 43). The court denied the motion as moot and directed the government to provide a written copy of its response to Allen.

Allen is now in Pennsylvania custody. The government reported that Allen overserved

his federal sentence by about 90 days and was returned to state custody in December 2023 (Crim. No. 22-150 ECF No. 45).  *See* Crim. No. 22-150 ECF No. 50 (Allen's chronological statement of Pennsylvania charges and parole violation and federal detainer).   Pennsylvania was notified of the overage.  *Id.*   Allen apparently remains detained by the state, as his filing dated August 24, 2024, was mailed from SCI-Houtzdale.

Discussion

    A.  Motion for sentence reduction

In his motion for sentence reduction, Allen asks the court to reduce his term of supervised release from 6 years to 3 years, and to add/subtract 90 days from the 3 years.   The legal basis for Allen's request is unclear – the only legal authorities he cites involve the principle that inmates are not allowed to "bank" time served on one conviction and apply it to a later conviction.

In its response, the government (erroneously) argued that Allen was not serving a 6-year term of supervised release.   In the alternative, the government (correctly) argued that Allen's term of supervision was required by the statutory mandatory minimum term of supervised release.

A sentence, once imposed, is generally final.   Allen has not identified any statutory authorization for the court to modify his sentences in these cases.   The court notes that in some circumstances, the court has discretion to terminate a term of supervised release.   The defendant, however, must have already served at least one year of supervised release and termination must be warranted by the defendant's conduct and "in the interest of justice." 18 U.S.C. § 3583(e). Here, the court lacks authority to reduce Allen's sentence under this provision because it appears

that Allen has not yet begun his federal terms of supervised release. In sum, his motion for reduction of sentence will be denied without prejudice.

    B.  First motion for clarification

Allen's first motion for clarification will be granted in part. As set forth above, and as conceded by the government, the government's response to Allen's motion for sentence reduction contained an error, i.e., that Allen was serving a 3-year term of supervised release.

The court clarifies and confirms that Allen is serving a 6-year term of supervised release at Crim. No. 21-154 – as required by statute. *See* Judgment, Crim. No. 21-154 ECF No. 84. The 6-year term of supervised release at Crim. No. 21-154 will run concurrent with the 3-year term of supervised release imposed at Crim. No. 22-150. *See* Judgment, Crim. No. 22-150 ECF No. 37.

    C.  Second motion for clarification

Allen's second motion for clarification will be granted in part. Allen asks the government to provide the date he was returned to Allegheny County Jail to be given a state parole violation hearing prior to November 9, 2023. It is clear that there has been confusion with respect to custody over Allen. Indeed, the government concedes that Allen overserved his federal prison sentence. The government shall request the Federal Bureau of Prisons to provide written notice to Allen of the dates in which he was in federal custody and how his time in state custody was credited to his federal sentence.

Conclusion

For the reasons set forth above, the motions will be resolved as follows:

(1) the motion for reduction of sentence (Crim. No. 21-154 ECF No. 90; Crim. No. 22-

150 ECF No. 47) will be denied without prejudice;

(2) the first motion for clarification (Crim. No. 21-154 ECF No. 94; Crim. No. 22-150 ECF No. 52) will be granted in part, with the clarification set forth above; and

(3) the second motion for clarification (Crim. No. 21-154 ECF No. 96; Crim. No. 22-150 ECF No. 54) will be granted in part and the government shall request the Federal Bureau of Prisons to provide written notice to Allen of the dates in which he was in federal custody and how his time in state custody was credited to his federal sentence.

An appropriate order will be entered.

Dated:   October 10, 2024

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Senior United States District Judge


cc:     All counsel of record